IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAY 21 2010
JAMES W. McCORMACK, CLERK
By: DEP CLERK

**RALPH EDDIE LOFTIS** **PLAINTIFF**

vs. No. 4:10-cv-496 BSM

**CREDIT ACCEPTANCE CORPORATION and HOSTO & BUCHAN, PLLC** **DEFENDANTS**

**This case assigned to District Judge** Miller
**and to Magistrate Judge** Kearney

PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Ralph Eddie Loftis (hereinafter referred to as "Loftis") by and through his attorneys Josh Sanford and Amber Schubert of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant Credit Acceptance Corporation (hereinafter individually referred to as "CAC"), and Defendant Hosto & Buchan, PLLC, (hereinafter individually referred to as "Hosto") (and all parties adverse to Ralph Eddie Loftis referred to hereinafter as the "Collectors"), does hereby state and allege as follows:

PARTIES, JURISDICTION AND VENUE

1. This is an action for damages brought by an individual consumer for the Collectors' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter the "FDCPA"), which prohibits debt collectors from engaging in abusive,

deceptive and/or unfair practices, and under tort law of the State of Arkansas, including claims for abuse of process, violations of the Arkansas Deceptive Trade Practices Act, civil conspiracy, constructive fraud, defamation and negligence.

2. Loftis is a consumer and a resident of Little Rock, Pulaski County, Arkansas, and is protected under 15 U.S.C. § 1692, *et seq,* as well as by the common and statutory laws of the State of Arkansas including all causes of action plead herein.

3. CAC is a Michigan corporation and is registered to do business in the State of Arkansas, having identified Corporation Service Company located at 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201, as its registered agent for service.

4. Hosto is an Arkansas professional limited liability company which provides legal representation to debt collectors as defined by 15 U.S.C. § 1692a, having a principal place of business in Little Rock, Pulaski County, Arkansas, and a registered agent of Bryan Hosto with an address of 701 West 7th Street, Little Rock, Arkansas 72201.

5. Hosto is a group of attorneys which provides legal representation to debt collectors as defined by 15 U.S.C. § 1692a.

6. Hosto also conducts the business of a debt collector and at times the actions taken by them are either not those of attorneys or they are actions consisting of the blended duties of debt collectors and attorneys.

7. CAC operates primarily to purchase and/or collect debts, and does so using the United States Postal Service, as well as the telephone, and regularly attempts to collect debts alleged to be due to another and therefore is and has been at all relevant

times herein a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

8. Persons and corporations represented by Hosto operate primarily to collect debts, and do so using the United States Postal Service, as well as the telephone, and regularly attempt to collect debts alleged to be due to another and therefore are and have been at all relevant times herein a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

9. Jurisdiction of this Court arises under 15 U.S.C. § 1692(k)(d) and 28 U.S.C. § 1337, in order to secure the relief authorized by the FDCPA, 15 U.S.C. §1692, *et seq.* Section 1692k(d) provides that jurisdiction lie in the Courts of the United States at the discretion of the aggrieved party.

10. Moreover, the Eastern District of Arkansas has concurrent jurisdiction over all other claims herein based on all the underlying causes of action, including abuse of process, violation of the Arkansas Deceptive Trade Practices Act, constructive fraud, civil conspiracy, defamation and negligence.

11. Venue in this Court is further proper in that Collectors have brought an action to collect an alleged debt in an inferior state court located in this judicial district.

## STATEMENT OF FACTS

12. On or about May 13, 2003, Hosto caused to be filed a complaint (hereinafter referred to as the "*Complaint*") against Loftis on behalf of on behalf of CAC, who was collecting a debt which was allegedly assigned to CAC by, or purchased by CAC from, "ABC Sales." A true and correct copy of the *Complaint* is attached hereto as

Exhibit "A" and incorporated by reference as if set forth word for word herein.

13. The Collectors obtained a void judgment against Loftis on October 15, 2003.

14. On April 27, 2010, Loftis succeeded in having the unlawful judgment set aside. A true and correct copy of the *Order on Motion to Set Aside Default Judgment* is attached hereto as Exhibit "B" and incorporated by reference as if set forth word for word herein.

15. The judgment obtained by the Collectors was void because the Collectors failed to obtain valid service on Loftis in 2003.

16. After the judgment was set aside, the Collectors served Loftis with the *Complaint* from 2003; this occurred on May 19, 2010.

17. When the Complaint was "re-served," it was not served with a Summons. The *Complaint* was instead accompanied by only a *Return of Service by Sheriff/Private Process Server*. A true and correct copy of the *Return* is attached hereto as Exhibit "C" and incorporated by reference as if set forth word for word herein.

18. Serving the lawsuit without a proper summons is a violation of Arkansas procedural law; the procedure protects the due process rights of Loftis that are guaranteed by the United States Constitution and the Arkansas Constitution as codified by Rule 4 of the Arkansas Rules of Civil Procedure.

19. Arkansas law provides that service of a lawsuit must be obtained on or before the expiration of 120 days following the issuance of process, unless the original period was extended by court order.

20.    In the underlying case, the Collectors obtained an extension of time to effect service, so that the time to perfect service expired on January 2, 2004.

21.    When the Collectors attempted service on May 19, 2010, process was stale by a count of two thousand three hundred twenty nine (2,329) days.

22.    The service of process WASinadequate and/or unlawful in the following particulars:

A.    No summons was provided;

B.    The lawsuit was morbidly stale;

C.    The statute of limitations barred the collection of the alleged debt.

23.    The *Complaint* was inadequate in the following particulars.

A.    Loftis is the named Defendant in the *Complaint*, but Loftis was not a party to the contract attached to the *Complaint*.

B.    The lawsuit that the Collectors have filed alleges that CAC financed a vehicle for Loftis, when in fact CAC never financed any vehicle for Loftis, and to the extent that any contractual relationship exists between Loftis and CAC, the same is the result of an assignment, which was not properly proven as required by Ark. Code Ann. § 16-45-104.

C.    The *Complaint* asserts that the cause of action was founded on a written obligation, making the claim subject to a five-year statute of limitations pursuant to A.C.A § 16-56-105, but the *Complaint* violates Rule 10(d) of the Arkansas Rules of Civil Procedure which requires that "a copy of any written instrument or document upon which a claim or defense is based should be attached as an exhibit to the pleading in which

such claim or defense is averred unless good cause is shown for its absence in such pleading," and because no copy of any such written instrument or document was attached to the *Complaint* and no good cause was shown for the absence of such written instrument or document.

24.     The Collectors already knew or already should have known that the claim against Loftis was barred by Arkansas law long before the service was attempted on May 19, 2010.

25.     The Collectors pursued further prosecution of the 2003 case against Loftis by serving it again, albeit improperly, at all times knowing, or in such a position as they should both be charged with the knowledge, that the claim against Loftis was not lawfully sound.

26.     Loftis has suffered emotional distress, embarrassment, and mental anguish as a result of having to defend against the proceedings which were instituted by the Collectors.

27.     Loftis was required to hire an attorney in defense of the *Complaint*, and in so doing he obligated himself to the pay the reasonable fees charged by his attorney.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28.     Loftis re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

29. Pursuant to 15 U.S.C. § 1692, *et seq*, a debt collector may not utilize impermissible means to collect debts.

30. The provisions of 15 U.S.C. § 1692, *et seq*, are also applicable to attorneys for debt collectors, therefore Hosto is subject to the provisions of 15 U.S.C. § 1692, *et seq*.

31. Impermissible debt collection practices include "harassing, oppressive or abusive conduct; false, deceptive or misleading representations; and unfair or unconscionable collection methods." *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767 (8th Cir. 2001) (citing 15 U.S.C. § 1692 d-f).

32. Unfair or unconscionable collection methods include violations of substantive and procedural state laws which are designed to protect Loftis.

33. Federal courts have previously recognized that bringing an action against a consumer to collect a debt when the collection of such debt is barred by the applicable statute of limitations may constitute a violation of the FDCPA. *Id.* at 767; *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987).

34. As stated herein above, the *Complaint* was filed on May 13, 2003, and Collectors received an extension of time for effecting service until January 2, 2004. Pursuant to Rule 4(i) of the Arkansas Rules of Civil Procedure, an action <u>shall</u> be dismissed without prejudice either on motion or by the court's own initiative where the complaint is not served within 120 days. *Rettig v. Ballard*, 2009 Ark. 629, 6 (December 17, 2009) ([U]nder Rule 4(i), a failure to serve valid process within the 120 day period results in a mandatory dismissal without prejudice...").

35.     The Collectors, having failed to serve the *Complaint* on Loftis within 120 days, obtained an extension of the 120 days to January 2, 2004, but then failed to serve Loftis within the time period set by the extension.

36.     Because of the Collectors' failure to effect service within 120 days or within the time period permitted by the extension of time for service, the action was dismissed as a matter of law on January 2, 2004, based on the mandatory language of Rule 4(i) of the Arkansas Rules of Civil Procedure which requires that the action be dismissed without prejudice.

37.     As a result of the mandatory dismissal of the *Complaint*, the statute of limitations continued to run against collection on the contract alleged in the Complaint.

38.     According to the Affidavit of Account attached to the *Complaint*, Loftis allegedly ceased making payments under the alleged contract on January 9, 2001, meaning that the statute of limitations ran as of January 10, 2006.

39.     Under Arkansas law, the mere filing of a lawsuit does not toll the statute of limitations, but rather a summons and complaint must be filed and timely service completed in order for the statue of limitations to be tolled. *Rettig v. Ballard*, 2009 Ark. 629, 4 (December 17, 2009).

40.     Because timely service was not completed, the statute of limitations continued to run, and the Collector's claims against Loftis expired as of January 10, 2006.

41.     In the alternative, if the savings statute of Ark. Code Ann. § 16-56-126 applies to the mandatory dismissal of the *Complaint* under Rule 4(i) of the Arkansas

Rules of Civil Procedure, then the statute of limitations would have run as of January 3, 2005, and the Collectors' claims would still be time-barred in 2010.

42.     The Collectors knew, or should have known based upon facts readily ascertainable to them, that the claims asserted in the *Complaint* were time-barred; therefore their actions in filing and serving the *Complaint* violate the FDCPA.

43.     It is self-evident that a party who brings a lawsuit to collect a debt that the filing party is not lawfully able to pursue is violating the FDCPA.

44.     All of the Collectors knew or should have known that prosecution in 2010 of the 2003 lawsuit is not allowed under Arkansas law.

45.     In the capacity as debt collector and attorney for a debt collector, respectively, the Collectors have a heightened duty to discover whether the debt was lawfully collectible by CAC prior to making allegations to the contrary.

46.     Further, in the capacity as debt collector and attorney for a debt collector, respectively, the Collectors had a heightened duty to discover whether the debt was time-barred prior to making allegations, whether implicit or explicit, to the contrary.

47.     In addition, each and every inadequacy of the *Complaint* and the lawsuit, as set forth herein above, are separate and distinct violations of the FDCPA because the Collectors knew, or should have known based upon facts readily ascertainable to them, that those inadequacies existed.

48.     Pursuant to Rule 11 of the Arkansas Rules of Civil Procedure, by signing and submitting to the Court various pleadings, motions, and other papers, Hosto warranted to the Court that it had read the pleading, motion, or other paper, and that to

the best of its knowledge, information, and belief formed after reasonable inquiry it was well grounded in fact. In addition, Hosto also warranted to the Court that the pleading, motion, or other paper was not interposed for any improper purpose.

49. The two warranties above are misrepresentations which violate the FDCPA.

50. Filing the *Complaint* laden with such inadequacies, and attempting to serve it in violation of Arkansas law, constitutes impermissible debt collection practices and therefore violates the FDCPA as many times as there are inadequacies.

51. The actions of the Collectors violate the FDCPA based upon each and every claim and fact set forth herein.

52. Specifically and additionally, the commission of the torts described herein below are also each separate violations of the FDCPA.

53. The actions described above have caused damage to Loftis in the form of mental anguish and distress as well as other non-economic damages.

54. Damage to Loftis includes attorney's fees and Court costs in both this action and in the underlying action which spurred the filing of this action, as well as emotional distress, embarrassment, and mental anguish suffered by Loftis, all of which resulted from the actions and statements of the Collectors.

55. The Collectors named Loftis' employer in the *Return*, further adding to his alarm and distress.

56. The FDCPA explicitly authorizes actions against attorneys for violations of its provisions and to that extent federal law fully and completely preempts the Arkansas laws which might otherwise shield Hosto from liability to Loftis.

57. Because the FDCPA provides for liability of attorneys, and because the FDCPA creates liability for violations of substantive and procedural state law, attorneys are not immune from any claims whose commission is a violation of the FDCPA.

## COUNT II
## ABUSE OF PROCESS

58. Loftis re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

59. The Collectors filed the *Complaint* against Loftis, and took action against Loftis knowing, or with such readily ascertainable facts that they should have known of, the inadequacies and illegalities set forth above.

60. The Collectors knew or should have known, and had an affirmative duty to discover, that they had insufficient proof that Loftis was the proper party against whom to bring any action based upon the contract attached to the *Complaint*.

61. The Collectors knew or should have known, and had an affirmative duty to discover, that the alleged debt was not and could not be owed by Loftis to CAC as was alleged in the *Complaint*.

62.     The Collectors knew or should have known, and had an affirmative duty to discover, that the alleged debt was not owed by Loftis and/or that they could never prove that any debt was owed by Loftis.

63.     The Collectors knew or should have known, and had an affirmative duty to discover, that no action could have been legally taken against Loftis in the middle of 2010 based on an alleged cause of action arising so long ago, and in fact, the Collectors attempted collection on the time-barred debt against Loftis.

64.     The Collectors have committed willful acts of seeking a judgment against Loftis by filing a claim not authorized by Arkansas law, and not proper in the regular conduct of litigation.

65.     The Collectors knew or should have known, and had an affirmative duty to discover, that their actions constituted multiple violations of the FDCPA as set forth above.

66.     The Collectors filed the Complaint against Loftis and took action against Loftis for the purposes of coercing or attempting to coerce Loftis to pay a debt which Loftis did not owe, or which the Collectors knew they could not, while abiding by the applicable laws, statutes and rules of court of the State of Arkansas, prove Loftis owed.

67.     In taking such actions, the Collectors have used the judicial process for a purpose for which it was not designed.

68.     Loftis incurred damages as a result of the commissions of the Collectors of the tort of abuse of process in an amount to be proven at trial.

69.    At various times and in various ways, with respect to this cause of action, Hosto was acting in its capacity as a debt collector, and not as an attorney for CAC, therefore Hosto should not be shielded from liability by claiming protections afforded licensed attorneys pursuant to Ark. Code Ann. § 16-22-310 or Ark. Code Ann. § 17-24-102.

70.    For any instances in which the Court finds that Hosto was acting in its capacity as a licensed attorney for CAC, Hosto should not be permitted to claim the protections afforded licensed attorneys with respect to this cause of action pursuant to Ark. Code Ann. § 16-22-310 or Ark. Code Ann. § 17-24-102 because of the intentionality of its course of conduct as stated above, and Loftis should be permitted to bring a negligence claim against Hosto.

71.    To the extent that the commission of the tort herein alleged is actionable under the FDCPA, then because the FDCPA provides for liability of attorneys, and because the FDCPA creates liability for violations of substantive and procedural state law, attorneys are not immune from any claims whose commission is a violation of the FDCPA.

## COUNT III
## CIVIL CONSPIRACY

72.    Loftis re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

73.     In taking the actions as set forth above, the Collectors have engaged in a civil conspiracy with each other in filing the case against Loftis, or otherwise in their attempt to collect the alleged debt.

74.     In agreeing to assist, and then taking numerous steps in furtherance of its agreement with CAC, Hosto engaged in a civil conspiracy with CAC.

75.     The civil conspiracy committed by the Collectors resulted in damage to Loftis, in the form of attorney's fees paid in defense of the *Complaint*, and court costs, among other elements of damage plead herein throughout.

76.     At various times and in various ways, with respect to this cause of action, Hosto was acting in its capacity as a debt collector, and not as an attorney for CAC, therefore Hosto should not be shielded from liability by claiming protections afforded licensed attorneys pursuant to Ark. Code Ann. § 16-22-310 or Ark. Code Ann. § 17-24-102.

77.     For any instances in which the Court finds that Hosto was acting in its capacity as a licensed attorney for CAC, Hosto should not be permitted to claim the protections afforded licensed attorneys with respect to this cause of action pursuant to Ark. Code Ann. § 16-22-310 or Ark. Code Ann. § 17-24-102 because of the intentionality of its course of conduct as stated above, and Loftis should be permitted to bring a negligence claim against Hosto.

78.     To the extent that the commission of the tort herein alleged is actionable under the FDCPA, then because the FDCPA provides for liability of attorneys, and because the FDCPA creates liability for violations of substantive and procedural state

law, attorneys are not immune from any claims whose commission is a violation of the FDCPA.

COUNT IV
CONSTRUCTIVE FRAUD

79. Loftis re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

80. The Collectors as debt collectors and/or collection agencies have certain duties, including the duty to not use false or misleading or deceptive representations in furtherance of their debt collection activities.

81. Hosto is under a duty, as a group, firm, or limited liability company consisting of licensed attorneys in the State of Arkansas to be truthful in its dealings with the Court and with others.

82. Because Hosto is a debt collector as defined by the FDCPA, Hosto is under a duty, as a group consisting of licensed attorneys and/or business entities owned exclusively by licensed attorneys in the State of Arkansas to be truthful in its dealings with the Court and with others.

83. Because CAC is a debt collector as defined by the FDCPA, CAC is under a duty, as a foreign business entity licensed to do business in the State of Arkansas, to be truthful in its dealings with the Court, with Loftis and with Arkansas consumers in general.

84. The Collectors have breached their duties as stated herein. The Collectors

have engaged in misleading, deceptive and false representations to Loftis and to the Court in pursuit of their collection efforts.

85.    The Collectors, in so breaching their duties, pursued their course of conduct against Loftis with such determination and deliberation that it is clear that they acted intentionally and with a purpose to achieve the ends which would be natural consequences of their actions.

86.    The Collectors' breach of these duties proximately caused the damages complained of by Loftis.

87.    Hosto was at times acting in its capacity as a debt collector and not as an attorney for CAC, therefore Hosto should not be shielded from liability by claiming protections afforded licensed attorneys pursuant to Ark. Code Ann. § 16-22-310 or Ark. Code Ann. § 17-24-102.

88.    For any instances in which the Court finds that Hosto was acting in its capacity as a licensed attorney for CAC, Hosto should not be permitted to claim the protections afforded licensed attorneys pursuant to Ark. Code Ann. § 16-22-310 or Ark. Code Ann. § 17-24-102 because their acts were intentional and deliberate, and Loftis should be permitted to maintain a constructive fraud claim against Hosto.

89.    To the extent that the commission of the tort herein alleged is actionable under the FDCPA, then because the FDCPA provides for liability of attorneys, and because the FDCPA creates liability for violations of substantive and procedural state law, attorneys are not immune from any claims whose commission is a violation of the FDCPA.

COUNT V
DEFAMATION

90. Loftis re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

91. The Collectors have brought legal action against Loftis by the filing and serving the *Complaint* in an Arkansas court.

92. The pleadings identify Loftis by name.

93. The pleadings are public documents which are available for the general public to view, and in fact many newspapers publish the names of parties involved in such legal actions.

94. The Collectors have knowledge of the public nature of such legal actions.

95. The *Complaint* alleges that Loftis owes a debt to CAC which he did not and never has owed to CAC and which was barred from collection by the applicable statutes of limitations, and those governing the assignability of certain agreements and which could not be lawfully collected by the Collectors.

96. The Collectors pursued such legal action against Loftis with actual knowledge that the legal action violated many of the provisions of the FDCPA and with actual knowledge that the debt was either not owed or was time-barred by the applicable statutes of limitations and assignability and not collectible, or such knowledge should be imputed to the Collectors based on their expertise as professional debt collectors, some of whom are licensed attorneys.

97. Further, as a debt collector and as attorneys or agents for debt collectors,

respectively, the Collectors had a heightened duty of care as to Loftis, made evident by the Federal Fair Debt Collection Practices Act, the Arkansas Deceptive Trade Practices Act, Arkansas statutes governing debt collection agencies contained in Ark. Code Ann. § 17-24-101, *et seq.*, and by the Arkansas Rules of Professional Conduct.

98.    The statements in the pleadings filed by the Collectors alleging that Loftis owed a debt to CAC were false.

99.    Loftis suffered damages as a result of the Collectors' actions as set forth herein above, including incurring attorney's fees in an effort to defend against the *Complaint*.

100.    At various times and in various ways, with respect to this cause of action, Hosto was acting in its capacity as a debt collector, and not as an attorney for CAC, therefore Hosto should not be shielded from liability by claiming protections afforded licensed attorneys pursuant to Ark. Code Ann. § 16-22-310 or Ark. Code Ann. § 17-24-102.

101.    For any instances in which the Court finds that Hosto was acting in its capacity as a licensed attorney for CAC, Hosto should not be permitted to claim the protections afforded licensed attorneys with respect to this cause of action pursuant to Ark. Code Ann. § 16-22-310 or Ark. Code Ann. § 17-24-102 because of the intentionality of its course of conduct as stated above, and Loftis should be permitted to bring a negligence claim against Hosto.

102.    To the extent that the commission of the tort herein alleged is actionable under the FDCPA, then because the FDCPA provides for liability of attorneys, and

because the FDCPA creates liability for violations of substantive and procedural state law, attorneys are not immune from any claims whose commission is a violation of the FDCPA.

## COUNT VI
## NEGLIGENCE

103.    Loftis re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

104.    Pleading in the alternative, when the Collectors engaged in the actions set forth above, they owed a duty of care to Loftis pursuant to 15 U.S.C. § 1692 in that they were not to use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

105.    The Collectors grossly breached that duty through the actions set forth above.

106.    This breach proximately caused damages to Loftis in excess of the jurisdictional minimums of this Court.

107.    The Collectors proximately caused the injuries and damages of Loftis through their negligence, which includes, but is not limited to the following:

A.      Failing to properly control and supervise their agents, servants and employees;

B.      Failing to properly train their agents, servants and employees;

C.      Negligently hiring and supervising their agents, servants and employees;

and

D. Failing to prevent their agents, servants and employees from violating Federal and Arkansas Laws.

108. At various times and in various ways, Hosto was acting in its capacity as a debt collector, and not as an attorney for CAC, therefore Hosto should not be shielded from liability by claiming protections afforded licensed attorneys pursuant to Ark. Code Ann. § 16-22-310 or Ark. Code Ann. § 17-24-102.

109. For any instances in which the Court finds that Hosto was acting in its capacity as a licensed attorney for CAC, Hosto should not be permitted to claim the protections afforded licensed attorneys pursuant to Ark. Code Ann. § 16-22-310 or Ark. Code Ann. § 17-24-102 because of the intentionality of its course of conduct as stated above, and Loftis should be permitted to bring a negligence claim against Hosto.

110. To the extent that the commission of the tort herein alleged is actionable under the FDCPA, then because the FDCPA provides for liability of attorneys, and because the FDCPA creates liability for violations of substantive and procedural state law, attorneys are not immune from any claims whose commission is a violation of the FDCPA.

## COUNT VII
## ARKANSAS DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

111. Loftis re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

112. In representing to the Sherwood District Court of Pulaski County, Arkansas, and to Loftis, that CAC was legally authorized to file an action against Loftis, the Collectors engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10).

113. In representing to the Sherwood District Court of Pulaski County, Arkansas, and to Loftis, that the alleged debt was not time-barred, the Collectors engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10).

114. In representing to the Sherwood District Court of Pulaski County, Arkansas, and to Loftis, that CAC was the lawful assignee of a debt owed by Loftis, the Collectors engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10).

115. The Collectors engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10) to the extent that any of the representations made by them to the Sherwood District Court of Pulaski County, Arkansas, and/or to Loftis, are not grounded in actual law.

116. In taking the actions as set forth above, the Collectors have engaged in unconscionable, false, and/or deceptive acts or practices in its business, in violation of Ark. Code Ann. § 4-88-107(a)(10).

117. Loftis is entitled to recover damages and a reasonable attorney's fee for every such violation pursuant to Ark. Code Ann. § 4-88-113(0).

118. The behavior of the Collectors as stated above is a violation of the

Arkansas Deceptive Trade Practices Act as codified at Ark. Code Ann. § 4-88-107(a)(10).

119. At various times and in various ways, Hosto was acting in its capacity as a debt collector, and not as an attorney for CAC, therefore Hosto should not be shielded from liability by claiming protections afforded licensed attorneys pursuant to Ark. Code Ann. § 16-22-310 or Ark. Code Ann. § 17-24-102.

120. For any instances in which the Court finds that Hosto was acting in its capacity as a licensed attorney for CAC, Hosto should not be permitted to claim the protections afforded licensed attorneys pursuant to Ark. Code Ann. § 16-22-310 or Ark. Code Ann. § 17-24-102 because of the intentionality of its course of conduct as stated above, and Loftis should be permitted to bring a negligence claim against Hosto.

121. To the extent that the commission of the tort herein alleged is actionable under the FDCPA, then because the FDCPA provides for liability of attorneys, and because the FDCPA creates liability for violations of substantive and procedural state law, attorneys are not immune from any claims whose commission is a violation of the FDCPA.

## COUNT VIII
## PUNITIVE DAMAGES

122. Loftis re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

123. In addition to the compensatory damages for the actual losses sustained

by Loftis because of the conduct of the Collectors, were intentional, willful, wanton, reckless and done with conscious indifference to the consequences, thereby entitling Loftis to punitive damages.

WHEREFORE, premises considered, Plaintiff Ralph Eddie Loftis, respectfully requests that Defendants CAC and Hosto each and all be summoned to appear and answer herein; for judgment in an amount to be proved at trial before a jury, such judgment consisting of compensatory and punitive damages; and for attorney's fees and all court costs incurred herein; and for all other good and proper relief to which he may be entitled, whether or not specifically requested herein.

Respectfully submitted,

**RALPH EDDIE LOFTIS, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD STE 400
LITTLE ROCK, AR 72211
PHONE: (501) 221-0088
FACSIMILE: (866) 591-4661

JOSH SANFORD
ARK. BAR NO. 2001037
josh@sanfordlawfirm.com

and

AMBER SCHUBERT
ARK. BAR NO. 2009150
amber@sanfordlawfirm.com

BY:     /s/ Josh Sanford
        Josh Sanford
        Ark. Bar No. 2001037

5716R/lh

SHERWOOD DISTRICT COURT

FILED 2003 MAY 13 PM 2 20 SHERWOOD DISTRICT COURT

CREDIT ACCEPTANCE CORPORATION PLAINTIFF

vs. CASE/DIV NO.: 2003 2975

RALPH LOFTIS DEFENDANT(S)

**COMPLAINT**

COMES Plaintiff, CREDIT ACCEPTANCE CORPORATION , by and through its attorneys, Hosto & Buchan, P.L.L.C., and for its complaint, states:

1. That Court has subject matter jurisdiction over this matter and personal jurisdiction over the parties. Venue is proper in this county.

2. Plaintiff financed a vehicle for Defendant (s) as shown by the attached contract which is incorporated herein as if set forth word for word. Defendant (s) defaulted on this contract and as a result, Plaintiff either (a) accelerated the debt and now seeks the entire remaining balance due under the contract or (b) repossessed the vehicle listed in the contract, sold it in a commercially reasonable manner, and now is seeking the remaining balance due under the contract after all sale proceeds have been applied.

3. As shown by the attached affidavit, the balance due from Defendant(s) after applying all payments, credits, or other offsets is $3,234.34 plus pre-judgment interest from January 09, 2001 until the date of judgment at the contract rate of interest. In addition, Plaintiff seeks costs, attorneys fees, and post judgment interest at the maximum rate allowed by law.

WHEREFORE, Plaintiff prays for a judgment against Defendant (s) in the amount of $3,234.34, plus pre-judgment interest, costs, and attorneys fees, all of which should bear post judgment interest , and for all other relief to which it may be.

**EXHIBIT "A"**

Respectfully submitted,

HOSTO & BUCHAN, P.L.L.C.
P.O. BOX 3397
LITTLE ROCK, ARKANSAS 72203
(501) 374-1300

By: ______________________
MARK A. SEXTON, ABN 98152



March 19, 2003 14:36:12

## AFFIDAVIT OF ACCOUNT

STATE OF MICHIGAN }
COUNTY OF OAKLAND } SS

The undersigned, being first duly sworn, deposes and states that:

1. During the course of its business, Credit Acceptance Corporation has created and maintained certain records of regularly conducted business activities that relate to the account of the following Defendent(s): **Ralph Loftis**
2. As a Collection Supervisor for Credit Acceptance Corporation, I have custody of said business records and I am familiar with their contents.
3. The business records indicate that:

   A. Defendant(s), being of legal age and capacity, executed an installment contract or **July 13, 1999**, and said contract was subsequently assigned to Credit Acceptance Corporation.

   B. Credit Acceptance Corporation has fully complied with all of the terms and conditions of said contract.

   C. Defendant(s) has breached said contract by failing to make one or more payments when due.

   D. After giving proper credit for all payments, rebates, and set-offs, there remains due and owing under said contract the sum of **$ 3,234.34** plus interest from **January 9, 2001** at the maximum rate authorized by said contract or applicable law.

   E. Defendant(s) is not in the military service.

Sara Peterhans
Affiant Name (Print)

[signature]
Affiant Signature

Subscribed and sworn to before me on March 19, 2003

Aricka Horton

ARICKA L. HORTON
NOTARY PUBLIC WAYNE CO., MI
MY COMMISSION EXPIRES Oct 26, 2004
ACTING IN OAKLAND COUNTY MI

# RETAIL INSTALLMENT CONTRACT

158 2837

BUYER(S)
NAME LYNN ELLEDGE
ADDRESS 401 S HOPE
CITY [illegible] STATE AR ZIP [illegible]

SELLER
NAME ABC SALES
ADDRESS [illegible] N VINE
CITY [illegible] STATE AR ZIP [illegible]
ACCOUNT NO.

All references to "You" and "Your" means each buyer above, jointly and severally. The terms "Creditor", "Us" and "We" refer to Seller and Seller's assignee. You may buy the vehicle described below for cash or on credit. The cash price is shown below as the "Cash Price". The credit price is shown below as "Total Sale Price". You have elected to purchase from Us on a Total Sale Price basis, upon the conditions set forth below and on the reverse side of this Retail Installment Contract ("Contract"), the following property ("Property"), delivery and acceptance of which in good condition and repair is hereby acknowledged by You:

| New or Used | Year | Make | Model | Body Style | Vehicle Identification Number | Odometer Reading |
|---|---|---|---|---|---|---|
| [illegible] | 1996 | FORD | MUSTANG | COUPE | 1FALP4043TF[illegible] | 131009 |

| COLOR: | EXTRA EQUIPMENT: (Describe) |
|---|---|
| GREEN | |

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of Your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost You. | Amount Financed The amount of credit provided to You or on Your behalf. | Total of Payments The amount You will have paid after You have made all payments as scheduled. | Total Sale Price The total cost of Your purchase on credit, including Your downpayment of $1275.00 |
|---|---|---|---|---|
| 22.000 % | $ 3908.90 | $ 8431.38 | $ 12740.28 | $ [illegible] |

Your payment schedule will be:

| No. of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 42 | $ 303.34 | 04-15 2001 and same date of each following month |

Insurance: Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless You sign and agree to pay the additional cost. The term of the insurance shall be the same as the term of Your contract.

| Type | Premium | Signature |
|---|---|---|
| Credit Life | $ N/A | Signature of Buyer Requesting Only Life Insurance |
| Credit Disability | $ N/A | Signature of Buyer Requesting Only Life Insurance / Signature of Buyer Requesting Life and Disability Insurance |

Security: You are giving a security interest in the goods or property being purchased.
Late Charge: If a payment is more than 10 days late, You will be charged [illegible] of the payment.
Prepayment: If You pay off early, You may be entitled to a refund of part of the Finance Charge.
Additional Information: See below and the other side of this contract for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (including accessories and improvements to the Property) $ [illegible]
2. Sales Tax [illegible]
3. Total Payment Calculation: Cash Down Payment $ [illegible] (A)
Trade-in Description: Gross trade-in $ [illegible]
Make: Payoff made by Seller N/A
Model: N/A (C)
Net Trade-in (if negative number, enter "0" here and add amount in 5(G) below) (B-C) $ N/A (D)
Total Down Payment (A + D) $ 1275.00
4. Unpaid Balance of Cash Price (1 + 2 less 3) $ [illegible]
5. Other Charges including Amounts Paid to Others on Your behalf
(NOTICE: A portion of these charges may be paid to or retained by Seller)
A. Cost of Required Physical Damage Insurance Paid to Insurance Company $ N/A (A)
B. Cost of Optional Extended Warranty or Service Contract $ [illegible] (B)
C. Cost of Optional Credit Life Insurance Paid to Insurance Company $ N/A (C)
D. Cost of Optional Credit Disability, Accident and Health Insurance Paid to Insurance Company $ N/A (D)
E. Cost of Filing Fees Paid to Public Officials $ [illegible] (E)
F. License, Title and Registration Fees Paid to Public Officials $ N/A (F)
Other Charges (Seller must identify who will receive payment and describe purpose)
G. to [illegible] $ N/A (G)
H. to [illegible] $ N/A (H)
Total of Other Charges and Amounts Paid to Others on Your Behalf $ [illegible]
6. Less Prepaid Finance Charge $ N/A
7. Amount Financed - Unpaid Balance (4 + 5 less 6) $ [illegible]

PROPERTY INSURANCE: You must insure the Property securing this Contract. You may purchase or provide the insurance through any company reasonably acceptable to Us. The collision coverage deductible may not exceed $500. If You get insurance from or through Us, You will pay $ N/A for N/A of coverage. The premium is calculated as follows:

- $ N/A Deductible, Collision Coverage $ N/A
- $ N/A Deductible, Comprehensive Coverage $ N/A
- Fire-Theft and Combined Additional Coverage $ N/A
- $ N/A

YOU HAVE THE RIGHT TO CHOOSE THE PERSON THROUGH WHOM THE MOTOR VEHICLE PHYSICAL DAMAGE INSURANCE REQUIRED UNDER THIS CONTRACT IS TO BE OBTAINED.

**THE INSURANCE CONTRACTED FOR IN CONNECTION WITH THIS SECURITY AGREEMENT DOES NOT PROVIDE FOR LIABILITY INSURANCE FOR BODILY INJURY AND PROPERTY DAMAGES CAUSED TO OTHERS OR COMPLY WITH ANY STATE LIABILITY LAWS.**

OPTIONAL EXTENDED WARRANTY OR SERVICE CONTRACT: Although You are not required to do so, by initialing below You are indicating that You want to buy an optional extended warranty or service contract covering the repair of certain major mechanical breakdowns of the vehicle and related expenses. Refer to the optional extended warranty or service contract for details about coverage and duration.
Optional Extended Warranty or Service Contract Price $ [illegible] Your initials LAE Term [illegible] Company [illegible]

ARBITRATION NOTICE: PLEASE SEE THE REVERSE SIDE OF THIS CONTRACT FOR THE ARBITRATION NOTICE CONTAINED IN THIS CONTRACT.
ADDITIONAL TERMS AND CONDITIONS: THE ADDITIONAL TERMS AND CONDITIONS, INCLUDING THE ARBITRATION NOTICE SET FORTH ON THE REVERSE SIDE HEREOF ARE A PART OF THIS CONTRACT AND ARE INCORPORATED HERE AND BY REFERENCE.

CREDIT ACCEPTANCE CORPORATION
25505 WEST TWELVE MILE ROAD, SUITE 3000
SOUTHFIELD, MICHIGAN 48034-8339
(800) 634-1506

This Retail Installment Contract is hereby accepted by the Seller named below and is hereby assigned to Credit Acceptance Corporation in accordance with the terms of the assignment set forth on the reverse side of this document. This assignment is without recourse.

**NOTICE TO BUYER**
(1) Do not sign this contract before You read it or if it contains any blank spaces.
(2) You are entitled to an exact copy of the contract You sign.
(3) Under the law, You have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the Finance Charge.

Buyer hereby acknowledges an opportunity to read, and has read, all terms of the contract. Buyer also acknowledges receipt of an exact, completely filled in copy of this contract at the time of its execution.

Signed by the parties hereto this 13 day of March 2001

RETAIL INSTALLMENT CONTRACT

Seller: ABC SALES
By: Amanda Franks Title: Finance
ARKANSAS CREDIT ACCEPTANCE CORPORATION [illegible]

Buyer: Lisa A. Elledge
Buyer:

ORIGINAL

The page contains dense, heavily degraded fine-print legal text that is largely illegible.

**OTHER IMPORTANT AGREEMENTS**

[Body text too faded and low-resolution to transcribe reliably.]

**NOTICE**

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

**AGREEMENT TO ARBITRATE**

[Body text too faded to transcribe reliably.]

**ASSIGNMENT**

[Body text too faded to transcribe reliably.]

IN THE DISTRICT COURT OF PULASKI COUNTY, ARKANSAS
SHERWOOD DISTRICT

FILED
2010 APR 27 AM 9 15
SHERWOOD DISTRICT COURT
SHERWOOD, ARKANSAS

**CREDIT ACCEPTANCE CORPORATION** **PLAINTIFF**

vs. No. CIV-2003-2975

**RALPH LOFTIS** **DEFENDANT**

**ORDER ON MOTION TO SET ASIDE DEFAULT JUDGMENT**

NOW on the 27th day of April, 2010, the above case comes before the Court for a hearing on the Motion of Defendant. Plaintiff appeared through its attorney Dallas Elms of Hosto & Buchan, PLLC. Defendant appeared through his attorney Josh Sanford of Sanford Law Firm, PLLC. The Court, having heard the evidence offered, as well as the argument of counsel, and being aware of all relevant law, does hereby find and order as follows:

1. This Court has jurisdiction of the parties and subject matter of this cause. Venue is proper in this Court.

2. On October 15, 2003, a Default Judgment was entered against Defendant.

3. Defendant filed a Motion to Set Aside Default Judgment herein on March 18, 2010, and served a copy of same pursuant to Rule 5 of the Arkansas Rules of Civil Procedure on March 17, 2010.

4. Plaintiff failed to file a response to Defendant's Motion. After consulting with the office of Plaintiff's counsel, Defendant's counsel set this

**EXHIBIT "B"**

matter for a hearing and properly notified Plaintiff's counsel of the time and date of the hearing.

5. Service on Defendant was deficient for the reasons set forth in the Motion to Set Aside Default Judgment.

6. The Default Judgment entered against Defendant on October 15, 2003, is hereby set aside.

7. Plaintiff is hereby directed to return to Defendant forthwith all monies garnished or otherwise received by it from Defendant, if any, based on the Default Judgment entered October 15, 2003.

~~8. Defendant is hereby awarded an attorney's fee of $600.00, which amount is found to be reasonable under the circumstances.~~

**IT IS SO ORDERED.**

**MILAS H. (BUTCH) HALE III**
**DISTRICT COURT JUDGE**
Dated: April 27, 2010

**SANFORD LAW FIRM, PLLC**
**ONE FINANCIAL CENTER**
**650 S. SHACKLEFORD, STE 400**
**LITTLE ROCK, ARKANSAS 72211**
**PHONE: (501) 221-0088**
**FAX: (866) 591-4661**

IN THE DISTRICT COURT OF PULASKI COUNTY, ARKANSAS
SHERWOOD DIVISION

CREDIT ACCEPTANCE CORPORATION PLAINTIFF

vs.. CASE/DIV NO.: 2003 2975

RALPH LOFTIS AND LITTLE ROCK EQUIPMENT SALES DEFENDANT(S)

**Plaintiff's Address:** C/O HOSTO, BUCHAN, PRATER & LAWRENCE, P.L.L.C P.O. BOX 3397, LITTLE ROCK, ARKANSAS 72203

**Defendant's Address:** 619 GERTRUDE #B, BENTON AR 72015-3431

**Place of Employments:** UNKNOWN

**RETURN OF SERVICE BY SHERIFF / PRIVATE PROCESS SERVER**

**PERSON SERVICE ON:**
NAME: ______
SEX:____ RACE:____ HEIGHT:____ WEIGHT:____ AGE:____

LOCATION

**SERVICE ON PERSON OTHER THAN THE NAMED DEFENDANT by serving:**

NAME:______ at ______
SEX: RACE: HEIGHT: WEIGHT: AGE:

location, such person being at least 14 years of age residing at the same location as the Defendant and related to the Defendant thus:______

**SERVICE ON AGENT FOR A CORPORATION by serving:**

NAME: ______ at location, such person being authorized to receive service of process for Defendant who's title is:______
SEX: ____ RACE: ____ HEIGHT:____ WEIGHT:____ AGE:____

**DECLARATION OF SERVER**

I, ______, certify that on the 19 day of May, 2010 I served the within Complaint on the Defendant, ______

*IN THE MANNER STATED ABOVE* on ______, 20__

Sheriff/ Private Process Server Signature______

Subscribed and sworn to before me this ____ day of ______, 20__.

My Commission Expires: ______

Notary Public

**EXHIBIT "C"**

