IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

RALPH EDDIE LOFTIS                              PLAINTIFF

v.                     No. 4:10-CV-496 BSM

**CREDIT ACCEPTANCE CORPORATION**       **DEFENDANTS**
**and HOSTO & BUCHAN, PLLC**

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND ANSWER TO PLAINTIFF'S COMPLAINT

I.

### Introduction

This case seeks redress for the Plaintiff, Ralph Eddie Loftis, (herein after referred to as "Loftis") for the wrongful conduct of the Defendants Hosto & Buchan, PLLC, (hereinafter referred to as "Hosto") and Credit Acceptance Corporation (herein after referred to as "CAC") in trying to unlawfully and impermissibly collect a time-barred debt alleged to be owed by Loftis.

Defendants' Motion to Dismiss relies on Fed. Rule Civ. Pro 12 (b)(6). Defendants argue that Loftis has failed to state a cause of action. In support of this argument Defendants contend that as Attorneys they should be shielded from liability for their actions under Ark. Code Ann. § 16-22-310 (herein after referred to as section "310"). Section "310" provides no protection for claims made against non-attorneys, such as,

Page 1 of 16
Ralph Eddie Loftis v. Credit Acceptance Corporation, et al
U.S.D.C. (Eastern District) Case No. 4:10-CV-496 BSM
Brief in Support of Plaintiff's Response to Motion to Dismiss Complaint

CAC. In fact, Defendants claim that the "one fundamental flaw" in Plaintiff's Compliant is that immunity is offered to attorneys via section "310". Since not all Defendants are attorneys, this argument is absurd.

The violations in Plaintiff's Complaint were not only directed at lawyers but at a non-lawyer company, CAC, as well. Because their brief did not differentiate these classifications, a vast majority of the arguments made throughout Defendants' Motion to Dismiss are inapplicable to CAC. Because of this error, Defendants offer no viable basis to dismiss Plaintiff's Complaint. As demonstrated below herein, all of Defendants' other arguments are without merit as well.

## II.

## Loftis States Causes of Action.

A. <u>Issues Common to Multiple Causes of Action.</u>

Defendants allege that one flaw permeates Loftis' Complaint, as demonstrated below, this allegation is without merit.

    a. **Immunity.**

Defendants rely on Ark. Code Ann. §16-22-310 (hereinafter section "310") as a basis for avoiding liability on the claims made herein. This reliance, as discussed below, is misplaced. Section 310 provides attorneys with protection on legal malpractice claims, for acts, omissions, decisions, or other conduct in connection with professional services. One of the principle questions raised in this case is whether the conduct of Defendants is as an attorney or as a debt collector. If an attorney is sued, for instance, for the commission of a battery, 310 is no defense for such a claim. Loftis does not assert that

Page 2 of 16
Ralph Eddie Loftis v. Credit Acceptance Corporation, et al
U.S.D.C. (Eastern District) Case No. 4:10-CV-496 BSM
Brief in Support of Plaintiff's Response to Motion to Dismiss Complaint

Hosto has committed legal malpractice. **Also, as mentioned previously, this section applies in no way to CAC**.

The claims being made against Defendants include: (1) violations of the Fair Debt Collection Practices Act, (2) Abuse of Process, (3) Arkansas Deceptive Trade Practice Act, (4) civil conspiracy, (5) constructive fraud, (6) defamation, and (7) negligence.

### i. Fair Debt Collection Practices

Defendants concede that they are subject to the Fair Debt Collection Practices. It is undisputed that "310" does not provide immunity under that act. Because the Defendants qualify as "debt collectors." Further "310" does not provide immunity to a claim made under the Fair Debt Collection Practice Act, because under the Supremacy Clause, any state law that conflicts with a federal law is preempted. *Gibbons v. Ogden*, 22 U.S. 1 (1824). Conflict arises when it is impossible to comply with both the state and federal regulations, or when the state law interposes an obstacle to the achievement of Congress's discernible objectives. *Gade v. National Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 98 (1992). Congress's objective under the FDCPA is to provide consumers with greater protection from unfair debt collection practices. Any state law that does not provide greater protections is pre-empted under the FDCPA.

### ii. Arkansas Deceptive Trade Practices Act

Section 310 provides no protection whatsoever to CAC as non-attorneys and does not protect Hosto for claims made pursuant to the Deceptive Trade Practices Act. Ark. Code Ann. § 4-88-101 lists the activities that the chapter does not apply to. None of those statutorily created exemptions apply to the facts of this case. Defendants rely on

Page 3 of 16
Ralph Eddie Loftis v. Credit Acceptance Corporation, et al
U.S.D.C. (Eastern District) Case No. 4:10-CV-496 BSM
Brief in Support of Plaintiff's Response to Motion to Dismiss Complaint

*Preston v. Stoops*, 373 Ark. 591, __ S.W.3d __ (Ark. 2008) for the proposition that the ADTPA does not apply to the practice of law.[1] It is true that the practice of law is regulated by the Arkansas Supreme Court; however, whether Hosto is engaged in the practice of law or engaged in the business as a debt collector is unclear.[2] A debt collection company is subjected to ADTPA claims. Hosto admits that it is subjected to FDCPA regulation because of its debt collection efforts. Loftis, under Ark. Code Ann. § 4-88-107(a)(10), claims that Defendants have engaged in ". . . other unconscionable, false, or deceptive act or practice in business, commerce, or trade." The practice of law and collection of debts falls within the practice of trade or commerce. Taking the allegations as true, Defendants have engaged in unconscionable, false or deceptive acts to try and trick Loftis into paying or reviving an extinguished debt. Ark. Code Ann. § 4-88-113(f) gives "any person who suffers actual damages or injury as a result of an offense or violation as defined in this chapter has a cause of action to recover actual damages, if appropriate, and reasonable attorney's fees." Loftis claims he has suffered actual damages as a result of the actions of Defendants, including having to pay attorney's fees to defend himself from a wrongful debt collection case, time, plus the expense, and personal embarrassment of being served and other damages. Thus Loftis' claim he has

---

1. The key issue in *Preston* was the fact that the defendant attorney actually engaged in the representation of the Plaintiff, when he was not authorized to practice law. The court went on to state, "the unauthorized practice of law is at issue." *Preston*, 373 Ark. 591. The court continued, stating "[t]he unauthorized practice of law falls within this court's constitutional authority to control and govern the practice of law." *Id.*

2. Defendant Hosto and Buchan, PLLC, is registered with the Arkansas Secretary of State and uses the fictitious names of Hosto, Buchan, Prater & Lawrence, P.L.L.C., and Hosto, Buchan, Prater & Lawrence. As discussed *infra* the use of differing names creates a misleading situation for debtor defendants. The name Hosto and Buchan, PLLC is the law firm name, but it uses the fictitious names on debt collection communications.

Page 4 of 16
Ralph Eddie Loftis v. Credit Acceptance Corporation, et al
U.S.D.C. (Eastern District) Case No. 4:10-CV-496 BSM
Brief in Support of Plaintiff's Response to Motion to Dismiss Complaint

suffered actual damages as a result of Defendants' conduct, that conduct is governed by this statute, and therefore, Loftis has a viable cause of action. Section 310 cannot supersede the reach of this act as the two acts would be in conflict.

Also, as mentioned previously, this section applies in no way to CAC.

    iii.    <u>Abuse of Process Claim</u>

Section 310 will not shield Defendants for Loftis' abuse of process claim. An attorney that sues a party and continues such suit after knowing or being charged with such knowledge, that the case has no merit is susceptible to claim of abuse of process. See *Almand v. Benton County, Ark.*, 145 B.R. 608, 1992 Lexis 9498 (W.D. Ark. 1992) As is the case here, Defendants knew or should have known that their case against Loftis had no merit. Yet, even in light of that knowledge, the Defendants filed their action to coerce or intimidate Loftis into paying or affirming debts. Defendants willfully filed a time-barred action against Loftis, failed to serve Loftis with a summons or complaint in the original action, and have yet to serve Loftis with a summons, and have persisted in the action even after knowing of their error evidences, at least at this point, a claim for abuse of process.

Also, as mentioned previously, this section applies in no way to CAC.

    iv.    <u>Civil Conspiracy Claim</u>

Section "310" will not shield Defendants from the claim of civil conspiracy. Civil conspiracy is not within the realm of legal malpractice envisioned within "310". Defendants argue that "310" is the proverbial "get out of jail free card" for all claims other than fraud or intentional misrepresentation. The case law states that the statute is to

**Page 5 of 16**
**Ralph Eddie Loftis v. Credit Acceptance Corporation, et al**
**U.S.D.C. (Eastern District) Case No. 4:10-CV-496 BSM**
**Brief in Support of Plaintiff's Response to Motion to Dismiss Complaint**

protect attorneys in legal malpractice claims; hence the requirement of privity between the attorney and plaintiff suing for legal malpractice. The statute does not support that position. To prove a civil conspiracy, Loftis must show that "two or more persons have combined to accomplish a purpose that is unlawful or oppressive or to accomplish some purpose, not in itself unlawful, oppressive or immoral, but by unlawful, oppressive or immoral means, to the injury of another. *Faulkner v. Arkansas Children's Hospital*, 347 Ark. 941, 961, 69 S.W. 3rd 393, 406, (Ark. 2002)(citing *Chambers v. Stern*, 347 Ark. 395, 64 S.W.3d 737 (Ark. 2002)). Defendants agreed to engage in a course of conduct that uses misrepresentation and deception to try and coerce Loftis into acknowledging or affirming certain debts, and Defendants took this oppressive course of conduct to the detriment of Loftis, then a claim for Civil conspiracy exists.

Also, as mentioned previously, this section applies in no way to CAC.

### v. Constructive Fraud

Defendants claim that 310 protects them from claims for constructive fraud. Constructive fraud occurs when there exists a "breach of a legal or equitable duty which the law declares to be fraudulent because of its tendency to deceive other, regardless of the moral guilt, purpose, or intent of the perpetrator. *Wiseman v. Batchelor*, 315 Ark 85, 90, 864 S.W.2d 248, 250 (Ark. 1993).

In the case at bar, Defendants filed an action they knew or should have known to be time-barred against Loftis, in doing so they represented to the court that their Complaint was well grounded in fact, and not interposed for any improper purposes.

Page 6 of 16
Ralph Eddie Loftis v. Credit Acceptance Corporation, et al
U.S.D.C. (Eastern District) Case No. 4:10-CV-496 BSM
Brief in Support of Plaintiff's Response to Motion to Dismiss Complaint

These misrepresentations to the Court violate the FDCPA. By filing suit, Defendants were merely trying to trick Loftis so that it can collect on otherwise uncollectable debt.

Also, as mentioned previously, this section applies in no way to CAC.

### vi. Negligence

Loftis' Complaint alleges negligence and constructive fraud by Hosto in the hiring, supervision and training of its employees. Hosto's reliance on Ark. Code. Ann. § 16-22-310 in light of the Complaint is without merit.

Hosto's cited case of *Nielsen v. Berger-Nielsen*, supports the proposition that a claim for negligent hiring, supervision and training is not immune pursuant to Ark. Code. Ann § 16-22-310. 347 Ark. 996, 1006, 69 S.W. 3d 414, 419 (Ark. 2002)(This court agreed that the plain language of the provision demonstrates that the immunity provided is limited to suits based on conduct in connection with professional services rendered by the attorney. As such, because the claim was for negligent hiring and supervising of an employee, as opposed to malpractice in the adoption action itself, the attorney defendant was not immune under the statute.).

Under Arkansas law, privity of contract is not required in order to have a cause of action against an attorney for intentional misrepresentations or fraud. *Calandro v. Parkerson*, 327 Ark. 131, 936 S.W.2d 755 (1997). In this case, Hosto engaged in intentional misrepresentations, when it threatened to sue and/or sued Loftis over time-barred debts.

Defendants knew or should have known that their cause of action against Loftis was time barred due to their failure to obtain proper service. Defendants' failure to

Page 7 of 16
Ralph Eddie Loftis v. Credit Acceptance Corporation, et al
U.S.D.C. (Eastern District) Case No. 4:10-CV-496 BSM
Brief in Support of Plaintiff's Response to Motion to Dismiss Complaint

supervise its employees in the course of their performance, and its failure to adequately train and supervise those employees in these cases substantiates the claim for negligence.

Also, as mentioned previously, this section applies in no way to CAC.

### vii. Defamation

Defendants argue that Loftis' claim for defamation should be dismissed due to absolute privilege afforded to attorneys in making statements in pleadings so long as the statements are relevant and pertinent to the pleadings. However CAC is entitled to no such immunity. In the case at bar Hosto was acting not in its capacity as an attorney but rather in its capacity as a debt collector. Debt collectors are afforded no such immunity under the law.

### b. Issues Specific to Separate Alleged Causes

#### a. FDCPA Claims

Defendants argue that their actions in filing suit against Loftis are not a violation of the FDCPA. Defendants contend that although the original default judgment was set aside due to failure to complete service upon Loftis, that the statute of limitations was tolled pursuant to the saving statute of A.C.A. §16-56-126, and thus Defendants were within their rights when they re-served the Complaint. Defendants rely on the reasoning of *Rettig v. Ballard*, 2009 Ark. 269, 4 (2009) (citing *Forrest City Mach. Works, Inc. v. Lyons,* 315 Ark. 173, 177 (1993)("To toll the limitations period to invoke the one-year savings statute...a plaintiff need only file his or her complaint within the statute of limitations and complete timely service on a defendant. Even where a court later finds

Page 8 of 16
Ralph Eddie Loftis v. Credit Acceptance Corporation, et al
U.S.D.C. (Eastern District) Case No. 4:10-CV-496 BSM
Brief in Support of Plaintiff's Response to Motion to Dismiss Complaint

the plaintiff's timely completed service was invalid, the plaintiff is not debarred from benefiting from the one-year savings statute"). Defendants' reliance on the reasoning behind *Forrest City Mach. Works* line of cases is misplaced since this line of reasoning applies only to cases where timely service although flawed has been completed. In the case at bar Loftis never received service, service was directed to the wrong residence, Loftis did not receive notice of the suit against him, and a default judgment was entered. The case at bar is governed by the reasoning of *Green v. Wiggins*, 304 Ark. 484 (1991)(The court held that where a Plaintiff has failed to complete service within the time provided for in the rules, he has also failed to commence the action so as to effectuate the one-year savings provision). Defendants failed to complete service in 2003, and thereby failed to commence an action so as to effectuate the one-year savings provision; Defendants' current action is time-barred.

Defendants engaged in an intentional course of conduct against Plaintiff, pursuing the matter even when made aware of its error, failing to sue in the name of the proper Plaintiff, failing to attach appropriate documents that give proper notice of what the suit is about. Ultimately, a jury should decide if this conduct and other conduct that is expected to be discovered is a violation of the FDCPA and the other claims made herein. For now, however, Plaintiff has alleged sufficient facts to move this claim forward, and that is all that is required of him at this point.

Defendants also argue that even if the statute of limitations on the underlying case had expired, filing suit thereafter is not a violation of the FDCPA. Whether it is misleading to sue an alleged debtor defendant on a time-barred claim is a question of the merits of

Page 9 of 16
Ralph Eddie Loftis v. Credit Acceptance Corporation, et al
U.S.D.C. (Eastern District) Case No. 4:10-CV-496 BSM
Brief in Support of Plaintiff's Response to Motion to Dismiss Complaint

the case and cannot be examined at this point in the litigation. It is a fact question, and this court must resolve it in favor of Plaintiff.

There are cases that expressly state that suing on a time-barred claim *is* a violation of the FDCPA. *Goins v. JBC & Associates, P.C.*, 352 F. Supp 2d 262 (D. Conn. 2005) (holding that Debt collection agency's threat to bring suit to collect on time-barred debt was misleading representation in violation of Fair Debt Collection Practices Act); *Gervais v. Riddle & Associates, P.C.*, 479 F. Supp 2d 270 (D. Conn. 2007)(holding that because debt was time-barred, debt collector's false threat of litigation constituted a misrepresentation of the legal status of the debt under the Fair Debt Collection Practice Act). If a viable claim exists for threatening to sue on a time-barred case, then actually suing and representing that a debt is valid is actionable under the FDCPA.

b.   **Abuse of Process**

Plaintiff makes an actionable claim for abuse of process and Defendants' argument is without merit. In order to state a claim for abuse of process a plaintiff must show: (1) a legal motion was set in motion in proper form, even with probable cause and ultimate success; (2) the procedure was perverted to accomplish an ulterior purpose for which it was not designed; and (3) a willful act is perpetrated in the use of process which is not proper in the regular conduct of proceedings. *South Arkansas Petroleum Co. v. Sheisser*, 343 Ark. 492, 36 S.W. 3d 317 (2001). This court has stated that the test of abuse of process is whether a judicial process is used to extort or coerce. *Routh Wrecker Serv., Inc. v. Washington*, 335 Ark. 232, 980 S.W.2d 240 (1998). The key to the

Page 10 of 16
Ralph Eddie Loftis v. Credit Acceptance Corporation, et al
U.S.D.C. (Eastern District) Case No. 4:10-CV-496 BSM
Brief in Support of Plaintiff's Response to Motion to Dismiss Complaint

tort is the improper use of process after its issuance in order to accomplish a purpose for which the process was not designed. *Id.*

Plaintiff has demonstrated that: (1) a legal motion was set in motion when Defendant re-served the original time-barred suit in 2010 **(Plaintiff's Original Complaint, Paragraph 16)**; (2) the procedure was used in an attempt to collect a time-barred debt, which is not the purpose for which it was designed **(Plaintiff's Original Complaint, Paragraph 21)**; and (3) that Defendants willfully used the threat of suit to extort or coerce payment of a time-barred debt **(Plaintiff's Original Complaint, Paragraph 66)**. Plaintiff has stated a viable claim against Defendants for Abuse of Process.

    c.    **Deceptive Trade Practices Act**

Defendants argue that Plaintiff has failed to state a cause of action under the Arkansas Deceptive Trade Practices Act (ADTPA). Plaintiff has fully plead multiple violations of the ADTPA by Defendants: In representing to the Sherwood District Court of Pulaski County, Arkansas, and to Loftis, that CAC was legally authorized to file an action against Loftis, the Defendants engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10). **(Plaintiff's Original Complaint, Paragraph 112)**; In representing to the Sherwood District Court of Pulaski County, Arkansas, and to Loftis, that the alleged debt was not time-barred, the Collectors engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10). **(Plaintiff's Original Complaint, Paragraph 113)**; In representing to the Sherwood District Court of Pulaski County, Arkansas, and to

Page 11 of 16
Ralph Eddie Loftis v. Credit Acceptance Corporation, et al
U.S.D.C. (Eastern District) Case No. 4:10-CV-496 BSM
Brief in Support of Plaintiff's Response to Motion to Dismiss Complaint

Loftis, that CAC was the lawful assignee of a debt owed by Loftis, the Collectors engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10). **(Plaintiff's Original Complaint, Paragraph 114)**; The Collectors engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10) to the extent that any of the representations made by them to the Sherwood District Court of Pulaski County, Arkansas, and/or to Loftis, are not grounded in actual law. **(Plaintiff's Original Complaint, Paragraph 114)**.

Defendants further argue that there is no private cause of action under the ADTPA in the absence of actual damages, and that civil enforcement lies with the Attorney General. However, Plaintiff has suffered actual damages and has a cause of action in accordance with § 4-88-113(f) "Any person who suffers actual damages or injury as a result of an offense or violation as defined in this chapter has a cause of action to recover actual damages, if appropriate, and reasonable attorney's fees." Plaintiff suffered actual damages in the form of attorney's fees paid to defend this action, and the court cost incurred therein.

Defendants argue that their underlying cause of action was not outside the statute of limitations, thus not a violation of the ADTPA. Defendants failed to complete service on Plaintiff in connection with the underlying suit in 2003, thereby failing to commence an action necessary to effectuate the one-year savings statute. *Green,* 304 Ark. 484 (1991). Further, whether Defendants brought the underlying action within the statute of limitations is a merit based question not applicable in a motion to dismiss.

Page 12 of 16
Ralph Eddie Loftis v. Credit Acceptance Corporation, et al
U.S.D.C. (Eastern District) Case No. 4:10-CV-496 BSM
Brief in Support of Plaintiff's Response to Motion to Dismiss Complaint

### d. Civil Conspiracy

Plaintiff makes an actionable claim for Civil Conspiracy. To prove a civil conspiracy, Loftis must show that "two or more persons have combined to accomplish a purpose that is unlawful or oppressive or to accomplish some purpose, not in itself unlawful, oppressive or immoral, but by unlawful, oppressive or immoral means, to the injury of another. *Faulkner v. Arkansas Children's Hospital*, 347 Ark. 941, 961, 69 S.W. 3rd 393, 406, (Ark. 2002)(citing *Chambers v. Stern*, 347 Ark. 395, 64 S.W.3d 737 (Ark. 2002)). Defendants agreed to engage in a course of conduct that uses misrepresentation and deception to try and coerce Loftis into acknowledging or affirming certain debts, and Defendants took this oppressive course of conduct to the detriment of Loftis, then a claim for Civil conspiracy exists.

Defendants further argue that Hosto and CAC stand in an attorney-client relationship and are therefore immune to conspiracy claims unless the conduct occurs outside the scope of the attorney's representation of the client. In the case at bar Hosto was not acting in their capacity as an attorney for CAC, but rather as a co-debt collector seeking to wrongfully collect on an alleged debt. Loftis alleges a cause of action for civil conspiracy and is entitled to engage in discovery. Examination of the merits of a case on a motion to dismiss is not permissible.

### e. Constructive Fraud and Negligence

Loftis makes actionable claims Constructive Fraud and Negligence and Defendants' argument is without merit. Defendants argue that Plaintiff's claims of Constructive Fraud and Negligence are barred by section "310" and fail to state a claim

Page 13 of 16
Ralph Eddie Loftis v. Credit Acceptance Corporation, et al
U.S.D.C. (Eastern District) Case No. 4:10-CV-496 BSM
Brief in Support of Plaintiff's Response to Motion to Dismiss Complaint

because they require an element of duty. Section "310" does not provide immunity to a non-attorney debt collectors such as CAC. Hosto in seeking to collect the debt was acting as a debt collector rather than an attorney and as such should not be entitled to immunity under "310".

As debt collectors Defendants owed a duty to Plaintiff to not use false or misleading or deceptive representations in furtherance of their debt collection activities. Defendants breached this duty by engaging in misleading, deceptive and false representations to Loftis and to the Court in pursuit of their collection efforts. Plaintiff has stated a claim for Constructive Fraud and Negligence.

    f.    **Defamation**

Plaintiff has made an actionable claim for Defamation. Defendants argue that Loftis' claim for Defamation should be dismissed because Loftis has failed to state in his complaint what actual harm has been done to his reputation. To support this proposition Defendants cite *Ellis v. Price*, 337 Ark. 542, 990 S.W.2d 543 (1999). However in *Ellis* the Court stated that, "a plaintiff's testimony that his reputation was injured is enough to take the case to the jury in a defamation case. *Ellis*, 337 Ark. 542 at 549 (1999). In his complaint, Loftis alleges that he has suffered damages as a result of the statements made by the Defendants in their complaint **(Plaintiff's Original Complaint, Paragraph 99)**. Plaintiff should be permitted to further prove his claim at trial.

    g.    **Punitive Damages**

Punitive damages are an issue that Loftis has not previously discussed in this brief. Loftis has an obligation to put Defendants on notice that punitive damages will be

Page 14 of 16
Ralph Eddie Loftis v. Credit Acceptance Corporation, et al
U.S.D.C. (Eastern District) Case No. 4:10-CV-496 BSM
Brief in Support of Plaintiff's Response to Motion to Dismiss Complaint

sought. To prove punitive damages, Loftis must prove compensatory damages and one of two aggravating factors, pursuant to Ark. Code Ann. ' 16-55-206. Defendants argue that the aggravating factors are not present. It is a bit early to dismiss the claim for punitive damages; discovery and a jury will determine if the aggravating factors are present. Secondly, Defendants argue that compensatory damages have not been pled. As illustrated above and throughout this brief and the previous response to Defendants' Motion to Dismiss, Loftis meets these elements. A jury will determine the wrongfulness of Defendants' conduct and will determine the appropriateness of damages.

### III.
### Conclusion

For the reasons stated herein, Defendants' Motion to Dismiss is without merit and should be denied.

**Page 15 of 16**
**Ralph Eddie Loftis v. Credit Acceptance Corporation, et al**
**U.S.D.C. (Eastern District) Case No. 4:10-CV-496 BSM**
**Brief in Support of Plaintiff's Response to Motion to Dismiss Complaint**

Respectfully submitted,

**PLAINTIFF RALPH EDDIE LOFTIS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD STE 400
LITTLE ROCK, AR 72211
PHONE: (501) 221-0088
FACSIMILE: (866) 591-4661

JOSH SANFORD
ARK. BAR NO. 2001037
josh@sanfordlawfirm.com

and

AMBER SCHUBERT
ARK. BAR NO. 2009150
amber@sanfordlawfirm.com

BY: /s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that a copy of the forgoing BRIEF IN SUPPORT OF RESPONSE TO DEFENDANTS' MOTION TO DISMISS has been filed via the CM/ECF system and that the same will send a true and correct copy hereof this 24th day of June, 2010 to the following persons:

Mr. John William Crowe
Hosto & Buchan, PLLC
Post Office Box 3397
Little Rock, Arkansas 72203

Josh Sanford

Page 16 of 16
Ralph Eddie Loftis v. Credit Acceptance Corporation, et al
U.S.D.C. (Eastern District) Case No. 4:10-CV-496 BSM
Brief in Support of Plaintiff's Response to Motion to Dismiss Complaint