IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**RALPH EDDIE LOFTIS**                                                                                       **PLAINTIFF**

v.                                          CASE NO. 4:10-CV-496 BSM

**CREDIT ACCEPTANCE CORPORATION**
**And HOSTO & BUCHAN, PLLC**                                                          **DEFENDANT**

**DEFENDANTS REPLY TO PLAINTIFF'S AMENDED RESPONSE TO MOTION TO DISMISS AND ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, Credit Acceptance Corporation ("CAC") and Hosto & Buchan, PLLC ("Hosto & Buchan"), (referred to collectively as "Defendants"), for their Reply to Plaintiff's Amended Response to Motion to Dismiss and Answer to Plaintiff's Complaint, states:

1. For the reasons already set forth in Plaintiff's Motion to Dismiss Plaintiff's Complaint and the accompanying brief in support of that motion (hereinafter the "Motion"), Ralph Eddie Loftis ("Plaintiff") failed to state a cause of action and his complaint must be dismissed in its entirety.

2. For the reasons set forth in the Motion, Plaintiff's claims are barred by Ark. Code Ann. § 16-22-310.

3. For the reasons set forth in the Motion, Plaintiff did not state a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § § 1692 et seq.

4. For the reasons set forth in the Motion, this case should be dismissed pursuant to Fed. Rule Civ. Pro. 12(b)(6).

5. For the reasons set forth in the Motion, Plaintiffs did not state a cause of action under the Arkansas Deceptive Trade Practices Act.

6. For the reasons set forth in the Motion, Plaintiff did not state a claim for abuse of process, civil conspiracy, constructive fraud, defamation, negligence or punitive damages under Arkansas law.

7. Plaintiff correctly points out in its Amended Response to the Motion to Dismiss the relevance of the Arkansas Supreme Court decision in *Born, Sr., et al. v. Hosto & Buchan, PLLC*, 2010 Ark. 292 (2010) (hereinafter *Born*). In that opinion, the court stated that it has made clear "that the immunity statute [Ark. Code Ann. § 16-22-310] protects attorneys from civil liability from those not in privity of contract with them for actions taken during the course of their employment as attorneys." *Id.* at *5. The court "held that the statute's plain language provides that immunity and limits it to suit based on conduct in connection with professional services rendered by the attorney". *Id.* The court continued on to state that the circuit judge in the lower court properly dismissed the abuse of process, civil conspiracy, constructive fraud, and negligence causes of actions, because the claims involved Hosto & Buchan's professional legal representation on behalf of its debt-collection clients.

8. In this case, it is clear that these seven causes of action brought against the Defendants are based on Hosto & Buchan's professional legal representation on behalf of its debt collection client, CAC. As stated in the *Born* decision, these causes of action fall under the Arkansas immunity statute, Ark. Code. Ann. § 16-22-310.

9. The Plaintiff argues in its Amended Response that the doctrine of Federal preemption should preclude the relevance of the *Born* to this case. All causes of action, except for the alleged violation of the Federal Debt Collection Practices Act, claimed against Defendants are substantive state law issues. In deciding these Arkansas state law causes of action, this court must rely on relevant decisions by the Arkansas Supreme Court. *Craighead*

*Elec. Coop. Corp. v. City Water & Light Plant*, 278 F.3d 859 (2001) (The court stated "[i]t is, of course, well established that when determining matters of state law we are bound by relevant decisions of the state's highest court"). Even though Plaintiff has filed this case in Federal court, these same causes of action brought in this court are affected by the decision in *Born* to dismiss the case brought by Plaintiff's attorney in state court.

10. The causes of action claimed against Defendants are based on Hosto & Buchan's professional legal representation on behalf of its debt collection client, CAC. Hosto & Buchan, PLLC, is not an employee of CAC, but rather Hosto & Buchan is an independent contractor. These legal claims against actions taking by Hosto & Buchan in its representation of its client cannot be imputed onto CAC. For the same reasons set forth above and in the Motion, all claims against Separate Defendant CAC should also not survive this Motion to Dismiss.

WHEREFORE, Defendants, Credit Acceptance Corporation and Hosto & Buchan, PLLC, respectfully requests that this Court grant its motion to dismiss plaintiffs' complaint in its entirety, and, if necessary, it be permitted to plead further thereto, that it be awarded its costs herein expended, including reasonable attorneys' fees, and all other appropriate relief.

Respectfully submitted,

HOSTO & BUCHAN, P.L.L.C.
Attorneys at Law
P.O. Box 3397
Little Rock, Arkansas 72203
(501) 374-1300


   \s\ Paul A. Prater
Paul A. Prater
Ark. Bar No. 2001266
pprater@hosto.com

Justin A. Hinton  
Ark. Bar No. 2010025  
jhinton@hosto.com

## **CERTIFICATE OF SERVICE**

 I certify that a copy of the foregoing pleading has been sent this 30th day of June, 2010 to the following parties:

Josh Sanford  
Sanford Law Firm  
650 S. Shackleford Ste. 400  
Little Rock, AR 72211

\s\ Paul A. Prater  
Paul A. Prater
