UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RALPH EDDIE LOFTIS**                                                                                   **PLAINTIFF**

v.                                        **CASE NO. 4:10cv00496 BSM**

**CREDIT ACCEPTANCE CORPORATION**
**and HOSTO & BUCHAN, PLLC**                                                          **DEFENDANTS**

**ORDER**

Defendants Credit Acceptance Corporation ("CAC") and Hosto & Buchan, PLLC ("Hosto") move to dismiss plaintiff Ralph Eddie Loftis's ("Loftis") complaint in motions filed on June 10, 2010, and August 26, 2010. Loftis objects. [Doc. Nos. 6, 19]. The motions are granted in part and denied in part.

I. ALLEGATIONS

On May 13, 2003, the law firm of Hosto & Buchanan, PLLC filed a lawsuit in Arkansas state court on behalf of its client, CAC, against Loftis alleging that Loftis defaulted on a debt owed to CAC. A default judgment was entered against Loftis on October 15, 2003. Loftis then moved to set aside the default judgment, maintaining that CAC failed to obtain valid service because he was not served within the required 120 days. The motion was granted on April 27, 2010. On May 19, 2010, CAC served Loftis with the original 2003 complaint.

Loftis then filed this lawsuit, alleging: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, for impermissible debt collection practices such as the filing of a time-barred and defective complaint; (2) violations of the

Arkansas Deceptive Trade Practices Act ("ADTPA"), Ark. Code Ann. § 4-88-101 *et seq.*, for engaging in false and deceptive acts such as the filing of a time-barred and defective complaint; (3) abuse of process; (4) constructive fraud; (5) defamation; and (6) negligence. CAC and Hosto move for dismissal based on immunity and Loftis's failure to state a claim.

## II. MOTION TO DISMISS STANDARD

"Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which relief can be granted." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)). Accepting as true all of the factual allegations contained in the complaint, the court must review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id*. "The plaintiffs need not prove specific facts in support of their allegations, but they must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Id*. (internal citations omitted).

## III. DISCUSSION

A.     Immunity

CAC and Hosto claim that Hosto is immune from suit under Ark. Code Ann. § 16-22-310. The motion to dismiss and response both address all of Loftis's claims with respect to Hosto. It seems, however, that Loftis's amended complaint specifically omits the abuse of process, constructive fraud, defamation, negligence and ADTPA claims against Hosto that were contained in the original complaint. Therefore, the only issue is whether Hosto is immune from the FDCPA claim.

>Ark. Code Ann. § 16-22-310 provides, in pertinent part:
>
>(a) No person licensed to practice law in Arkansas and no partnership or corporation of Arkansas licensed attorneys or any of its employees, partners, members, officers, or shareholders shall be liable to persons not in privity of contract with the person, partnership, or corporation for civil damages resulting from acts, omissions, decisions, or other conduct in connection with professional services performed by the person, partnership, or corporation, except for: (1) Acts, omissions, decisions, or conduct that constitutes fraud or intentional misrepresentations . . .

The immunity provided by Ark. Code Ann. § 16-22-310 does not extend to claims brought against Hosto under the FDCPA. The FDCPA preempts the state immunity statute. In *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995), the United States Supreme Court held that the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." Indeed, the Arkansas Supreme Court recognized this preemption in *Born v. Hosto & Buchan, PLLC*, 2010 Ark. 292, n.5 ( 2010). For these reasons, Hosto is not immune from suit under the FDCPA.

B.      Violations of the Fair Debt Collection Practices Act

CAC and Hosto present multiple arguments that Loftis has failed to state a claim under the FDCPA. They first assert that the complaint that was served in 2010 was not time-barred. They assert that, under Ark. Code Ann. § 16-56-126, they were required to serve Loftis within one year following the order setting aside the default judgment. They alternatively argue that the complaint was not time-barred because the underlying action was never dismissed. Therefore, it is an active case and the time period allowed under the statute of limitations has not expired.

The complaint served in 2010 was time-barred. The Arkansas savings statute, Ark. Code Ann. § 16-56-126, allows plaintiffs who have suffered a nonsuit to re-file the same action within one year of the nonsuit. The exception to this rule is when the defendant was not served in the previous case within the required 120 days. In *Green v. Wiggins*, 304 Ark. 484, 488 (1991), the Arkansas Supreme Court held that because the defendant was not served within the required 120 days, the action was never commenced and therefore the one year savings provision did not apply. CAC and Hosto rely on *Rettig v. Ballard*, 2009 Ark. 629, *4 (citing *Forrest City Mach. Works, Inc. v. Lyons*, 315 Ark. 173, 177 (1993)) to support their argument that even if a defendant is not served within the required 120 days, the action has commenced and the savings provision applies. This reliance is misplaced. *Forrest City Mach. Works* specifically states that for an action to commence, timely service must be completed. 315 Ark. at 177.

CAC and Hosto's argument that the state court action is still active also fails. Logic dictates that if Loftis was not served within the time required for service and the statute of limitations has run, then that case cannot be currently active. The state court case was time-barred and therefore must be treated as if the case was never filed.

CAC and Hosto further assert that allegations of procedural inadequacies or defects in the state court complaint do not constitute violations under the FDCPA. As stated above, Loftis claims that the state court complaint was defective and therefore in violation of the FDCPA. Specifically, the following defects are noted: (1) Loftis is the named defendant, but was not a party to the contract attached to the complaint; (2) the complaint asserts that CAC

financed a vehicle for Loftis, but CAC never financed a vehicle for Loftis; and (3) the complaint asserts that it is based on a written obligation, but in violation of Ark. R. Civ. P. 10(d), the written obligation is not attached.

The specific issue of complaint defects constituting FDCPA violations has not been addressed by the Eighth Circuit. The cases cited to by CAC and Hosto, as well as Loftis, provide some guidance, but are not entirely on point. Therefore, the language of the FDCPA must be examined to determine if complaint defects constitute a violation. 15 U.S.C. § 1692e provides "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." To the extent that Loftis claims CAC and Hosto used false statements in the state court complaint, he may proceed. The failure to attach the written obligation to the state court complaint, however, does not constitute a false statement. Loftis may not proceed on his claim based on the failure to attach.

CAC and Hosto also argue that CAC cannot be held liable under the FDCPA because it is the original creditor and not a debt collector. The FDCPA defines "creditor" as:

> [A]ny person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1692a(4). "Debt collector" is defined as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). In his amended complaint, Loftis states that CAC

> [O]perates primarily to purchase and/or collect debts, and does so using the United States Postal Service, as well as the telephone, and regularly attempts to collect debts alleged to be due to another and therefore is and has been at all relevant times herein a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

Amended complaint, ¶ 7. Further, CAC "was collecting a debt which was allegedly assigned to CAC by, or purchased by CAC from, 'ABC Sales.'" *Id.* at ¶ 12. It seems that, at this stage of the litigation, it must be assumed that CAC is a debt collector that can be held liable under the FDCPA.

C.  <u>Arkansas Deceptive Trade Practices Act</u>

Loftis makes the same allegations in support of his Arkansas Deceptive Trade Practices Act ("ADTPA") claim that he made in support of his FDCPA claims. Again, CAC and Hosto argue that the state court complaint was not filed outside the statute of limitations, and therefore such action cannot be the basis of an ADTPA claim. As established above, the state court complaint was filed outside the statute of limitations.

According to CAC and Hosto, Loftis's allegations of deficiencies in the state court complaint do not support a claim under the ADTPA. Ark. Code Ann. § 4-88-107(a)(10), the section of the ADTPA under which Loftis brings his claim, prohibits "engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade . . . " As to the allegation of failure to attach documentation, CAC and Hosto are correct. Such an allegation does not support a claim under the ADTPA. But, to the extent that Loftis alleges false statements made in the complaint, his claims under the ADTPA may proceed.

CAC and Hosto further assert that CAC's alleged conduct does not fall under the ADTPA because pursuing legal rights is not a practice "in business, commerce, or trade." Pursuing legal rights, however, is part of the business of CAC as a debt collector. There is no question that courts are often used by debt collectors in the operation of their businesses. All one has to do is walk into any small claims court or circuit court in this country and one will see lawyers for debt collection agencies standing at counsels' table with a stack of complaints questioning the agency's representative about its efforts to collect in case-after-case. Indeed, in some courts such as the Shelby County General Sessions Court in Memphis, Tennessee, debt collectors and their lawyers are often given a special time to appear in court so as to allow them adequate time to work through all of their files.

Finally, CAC and Hosto argue that a private cause of action is allowed under the ADTPA only for actual damages, and Loftis has not alleged actual damages. Loftis, however, has alleged actual damages, such as the costs associated with the first case as well as this case.

D.     Abuse of Process

To succeed on an abuse of process claim, Loftis must show:

(1) a legal procedure set in motion in proper form, even with probable cause and ultimate success;

(2) the procedure is perverted to accomplish an ulterior purpose for which it was not designed; and

(3) a willful act is perpetrated in the use of process which is not proper in the regular conduct of the proceeding.

*Sundeen v. Kroger*, 81 Ark. App. 371, 377 (2003). CAC and Hosto maintain that Loftis fails to state an abuse of process claim because he has not alleged the last two elements.

Loftis supports his abuse of process claim by alleging that when CAC filed the state court case, it knew or should have known, that the complaint was time-barred and inadequate, that there was insufficient proof that Loftis was the proper defendant, that the debt was not owed by Loftis and that the actions taken violated the FDCPA. Further, he maintains that the complaint was filed in an attempt to coerce him to pay a debt which he did not owe, and that CAC used the judicial process for a purpose for which it was not designed.

Loftis's abuse of process claim must be dismissed because he fails to adequately plead the second element of the claim. As stated above, Loftis alleges that the state court complaint was served on him in an attempt to coerce the payment of a debt he did not owe. The Arkansas Supreme Court addressed such an allegation in *Born*. 2010 Ark. 292. Although the Court ultimately held that the law firm defendant was immune from suit, it determined that an allegation of coercion for the payment of a debt not owed was insufficient support for the ulterior purpose element. *Id*.

> [The plaintiffs] in the instant case have failed to state a claim. Their allegations are based on the assertion that [defendant] filed the underlying lawsuits in order to coerce the payment of debts that were not owed. Yet, despite any defects in the procedure surrounding the filing of the underlying complaints or in the complaints themselves, the [plaintiffs] do not contend that [defendant] filed them for any ulterior purpose other than to collect on unpaid debts.

*Id*. Loftis's abuse of process claim is therefore dismissed.

E.      Constructive Fraud

In their motion, CAC and Hosto maintain that Loftis's constructive fraud claim should be dismissed because: (1) he has failed to establish that CAC owed him a duty of care; (2) he has not claimed any reasonable or justifiable reliance on a representation made by CAC; and (3) he has not pled fraud with the particularity required under Fed. R. Civ. P. 9(b). Specifically, they state that the FDCPA does not create a duty of care. Further, even if it does, CAC is not a debt collector and therefore is not held to the duty of care established. Loftis responds simply by referring back to the language of the FDCPA.

For his constructive fraud claim, Loftis must show: (1) a false representation of material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance. *Farm Bureau Policy Holders and Members v. Farm Bureau Mut. Ins. Co. of Arkansas*, 335 Ark. 285, 300-301 (1998). Loftis has not claimed any reliance on a representation made by CAC. The constructive fraud claim is therefore dismissed.

F.   Defamation

CAC and Hosto assert that Loftis has failed to state a defamation claim because he has not alleged harm to his reputation, and thus cannot establish damages. Loftis does not respond to this argument. Under Arkansas law, to prove a claim for defamation, Loftis must prove five elements: (1) the defamatory nature of the statement of fact; (2) that statement's identification of or reference to the plaintiff; (3) publication of the statement by defendant;

(4) the defendant's fault in the publication; (5) the statement's falsity; and (6) damages. *Boellner v. Clinical Study Ctrs., LLC*, 2011 Ark. 83 (2011). "In defamation actions, there must be evidence that demonstrates a causal connection between defamatory statements made and the injury to reputation . . . A plaintiff must establish actual damage to his reputation, but the showing of harm may be slight." *Id*. Loftis has asserted no damage to his reputation. Therefore, his claim for defamation is dismissed.

G.   Negligence

CAC and Hosto maintain that Loftis has failed to establish a duty of care owed by CAC, and therefore has not stated a negligence claim. In his amended complaint, Loftis asserts that the FDCPA establishes a duty of care because it prohibits debt collectors from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt."

The Eighth Circuit Court of Appeals has recognized that a statute can create a duty of care. Indeed, it has held that "[t]he federal statutes may create a standard of conduct which, if broken, would give rise to an action for common-law negligence." *Hofbauer v. Nw. Nat. Bank of Rochester, Minn.*, 700 F.2d 1197, 1201 (8th Cir. 1983). Whether a statute establishes a standard of care, however, is left to the state courts to decide since negligence is a state claim.

> [A] state court 'is certainly free to look to the provisions of a federal statute for guidance in applying its longstanding common-law remedies' unless Congress has prohibited the state from looking to the statute's provisions as a standard in determining whether there has been a common-law breach of duty.

*Id.* (citing *Iconco v. Jensen Constr. Co.*, 622 F.2d 1291, 1296 (8th Cir. 1980)).

The state courts of Arkansas have not addressed whether the FDCPA creates a duty of care; however, the cases indicate that Arkansas has taken the view that "[t]he violation of a statute or valid regulation is ordinarily evidence of negligence." *Franco v. Bunyard*, 261 Ark. 144, 147 (1977). Although, at first blush, this would seem to stand for the proposition that statutes create a duty of care, Arkansas is in the minority of states that takes the view that the violation of a statute is not negligence per se, but it is merely one piece of "evidence a jury may consider in determining whether a defendant is guilty of negligence." *Berkeley Pump Co. v. Reed-Joseph Land Co.*, 279 Ark. 384, 397 (1983). It would be an intellectual leap to determine that, as a general rule, statutes create a duty of care if violating a statute is not negligence per se. Although a close case, it seems that Arkansas has stopped just short of holding that statutes, as a general rule, create a duty of care in negligence cases. Consequently, in that the state courts of Arkansas have not addressed whether the FDCPA creates a duty of care, it must be concluded that it does not. For this reason, Loftis negligence claim against CAC and Hosto is dismissed.

H.   <u>Punitive Damages</u>

CAC and Hosto argue that Loftis's claim for punitive damages must be dismissed because: (1) the recovery of punitive damages relies on the recovery of actual damages, and Loftis has not sufficiently alleged actual damages; and (2) Loftis has not met the requirements for the recovery of punitive damages under the Civil Justice Reform Act of 2003 ("CJRA"), Ark. Code Ann. § 16-55-206. As stated above, Loftis has sufficiently

11

alleged actual damages. Therefore, the only issue is whether the amended complaint adequately sets forth grounds to meet the requirements for recovery under the CJRA.

To recover punitive damages, the CJRA requires not only that the plaintiff prove actual damages, but also that one or both of the following aggravating factors is present:

> (1) The defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damages and that he or she continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred; or
>
> (2) The defendant intentionally pursued a course of conduct for the purpose of causing injury or damage.

Ark. Code Ann. § 16-55-206.

Loftis responds that dismissal of his claim for punitive damages would be premature because it is up to a jury to determine if aggravating factors are present. In his amended complaint, Loftis states "[i]n addition to the compensatory damages for the actual losses sustained by Loftis because of the conduct of the Collectors, were intentional, willful, wanton, reckless and done with conscious indifference to the consequences, thereby entitling Loftis to punitive damages." Amended complaint, ¶ 99. Loftis has not sufficiently pled punitive damages. His claim for such is therefore dismissed.

## IV. CONCLUSION

CAC and Hosto's motion to dismiss is granted as to:

> (1) Loftis's FDCPA claim against Hosto and CAC based on the failure to attach the written obligation to the state court complaint;
>
> (2) Loftis's ADTPA claim against CAC based on the failure to attach the written

obligation to the state court complaint;

(3) Loftis's abuse of process claim against CAC;

(4) Loftis's constructive fraud claim against CAC;

(5) Loftis's defamation claim against CAC;

(6) Loftis's negligence claim against CAC; and

(7) Loftis's claim for punitive damages.

Loftis's remaining claims are as follows:

(1) Loftis's FDCPA claims against Hosto and CAC based on the filing of a time-barred complaint and the inclusion of false statements in the state court complaint; and

(2) Loftis's ADTPA claims against CAC based on the filing of a time-barred complaint and the inclusion of false statements in the state court complaint.

Accordingly, CAC and Hosto's motions to dismiss are granted in part and denied in part.

IT IS SO ORDERED this 18th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE